UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIEL GEORGE GRAVELLE,

Plaintiff,

v.

BRIAN GREEN, *et al.,*

Defendants.

Case No. 3:19-cv-00141-MMD-CLB

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA BALDWIN

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla Baldwin (ECF No. 4) ("R&R" or "Recommendation) relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* Complaint (ECF No. 1-1). Judge Baldwin recommends granting the IFP Application and dismissing Plaintiff's claim without prejudice and without leave to amend. Plaintiff filed an objection ("Objection"). (ECF No. 5.) The Court agrees with Judge Baldwin and will overrule Plaintiff's Objection.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Plaintiff asserts a claim under 42 U.S.C. § 1983 against Defendants Brian Green and Elko County. Plaintiff alleges single claim for ineffective assistance of counsel based on Green's failure to file a direct appeal in Plaintiff's criminal case. (ECF No. 1-1 at 3-4.)

Judge Baldwin found that Plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1944), and that Plaintiff further cannot state a § 1983 claim against Green

who, as a public defender, is not a state actor.[1] (ECF No. 4 at 5-6.) The Court agrees that Plaintiff's claim is *Heck* barred. In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87 (footnote omitted). Here, Plaintiff's claim challenges the validity of his conviction by asserting that his criminal defense counsel failed to pursue a direct appeal. Plaintiff's Objection reiterates that he is trying to challenge his conviction.[2] (ECF No. 5 at 1.)

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla Baldwin (ECF No. 4) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's application to proceed *in form pauperis* (ECF No. 1) is granted; Plaintiff will not be required to pay an initial fee.

It is further ordered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint is dismissed without prejudice and without leave to amend.

---

[1] Plaintiff's Objection asserts that Green was not a public defender but was hired "by the State of Nevada in the County of Elko to represent" Plaintiff. (ECF No. 5 at 1-2.) However, the point made in the R&R is that Green was Plaintiff's attorney in his criminal case and was not "acting under color of law" for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (a plaintiff asserting a claim under § 1983 "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law.").

[2] Plaintiff expresses frustration that he has not been able to pursue his petition for habeas corpus in the state court. (ECF No. 5 at 2.) However, even if Plaintiff has been unfairly denied state habeas corpus relief, he cannot pursue a claim for constitutional violations under § 1983 when his conviction has not been invalidated.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 7th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE